# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**REUBEN HARRIS, JR.,**

    **Petitioner**

v.                                             **Civil Action No. 3:06cv76**
                                                 **(Judge Bailey)**

**WARDEN JOYCE FRANCIS,**

    **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

The petitioner initiated this case on July 20, 2006, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. 2241. In the petition, the petitioner asserts that the United States Parole Commission did not have the authority or power to impose successive terms of special parole after it revoked his original special parole term. As relief, the petitioner seeks his unconditional release from illegal confinement, an unspecified declaratory judgment, and $150,000 in damages for his illegal incarceration.

On July 25, 2006, the petitioner was granted permission to proceed as a pauper and the respondent was directed to show cause why the petition should not be granted.

On August 23, 2006, the respondent filed a response to the petition asserting that the petitioner's application for habeas corpus should be denied on the merits. In the response, the respondent notes that the petitioner has a projected mandatory release date with good time reduction of October 27, 2006, and a full-term release date of December 17, 2006.

The petitioner filed a reply on September 8, 2006.

## Mootness

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Thus, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996); see also Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994) (a case becomes moot when the issues presented are no longer live, or when parties lack a cognizable interest in the outcome).

## Analysis

In light of the respondent's mention of the petitioner's full-term release date, the undersigned has conducted a review of the petitioner's status with the Bureau of Prisons. According to the Bureau's Inmate Locator,[1] the petitioner was released from incarceration on October 27, 2006. Accordingly, because the petitioner has been granted the relief sought, release from incarceration, there is no viable legal issue left for the Court to resolve[2] and this case is moot.

## Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Petition for Writ of Habeas Corpus be **DISMISSED as moot.**[3]

---

[1] The Inmate Locator may be found on the Bureau's website, www.bop.gov.

[2] The petitioner failed to properly plead his request for declaratory judgment and his request for monetary damages is not properly raised under § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (a habeas corpus action is not the appropriate federal remedy by which to seek monetary damages). Therefore, neither of these claims are viable at this time.

[3] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell, 15 F.3d at 322. However, neither of these

2

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Order to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk is further directed to provide copies of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 3, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

exceptions apply in this case.